IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KELLY GRAJEK,

                              Plaintiff,

    v.

HEIDI BLOYER and TRENT LANDT,

                             Defendants.[1]

OPINION & ORDER

17-cv-705-jdp

---

Pro se prisoner Kelly Grajek is proceeding on claims that defendants Trent Landt and Heidi Bloyer disregarded a substantial risk that Grajek would seriously harm himself, in violation of the Eighth Amendment. Defendants have filed a motion for partial summary judgment on the ground that Grajek did not exhaust his administrative remedies on his claim against Landt, as required by 42. U.S.C. § 1997e(a). For the reasons explained below, I will grant the motion.

ANALYSIS

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits," *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

---

[1] I have amended the caption to reflect the full names of the defendants as reflected in the acceptance of service form. Dkt. 8.

Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford*, 548 U.S. at 88–89.

In Wisconsin, the administrative code sets out the process for a prisoner to file a grievance and appeal an adverse decision. Wis. Admin. Code. § DOC 310.07 (prisoner first files grievance with inmate complaint examiner; prisoner may appeal adverse decision to corrections complaint examiner and then to department secretary). A failure to follow these rules may require dismissal of the prisoner's case. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). But a failure to exhaust administrative remedies under §1997e(a) is an affirmative defense that must be proven by the defendants. *Jones v. Bock*, 549 U.S. 199 (2007).

Defendants do not contend that Grajek failed to exhaust his administrative remedies as to his claim against Bloyer. The question is whether the grievance Grajek filed against Bloyer was broad enough to cover Grajek's claim against Landt as well.

In determining whether the content of a grievance is sufficient to exhaust a claim, the prison's own rules provide the relevant standard. *Jones*, 549 U.S. at 218 ("Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust' . . . . [I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper

2

exhaustion."). Wisconsin's rules say that "[a] complaint must contain sufficient information for the department to investigate and decide the complaint." Wis. Admin Code § DOC 310.07(6). This is similar to the default rule adopted by the court of appeals: "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).

In his federal complaint, Grajek is alleging that he complained to Landt that he was feeling suicidal, but Landt told Grajek that he was lying and then simply walked away. After this, Grajek contacted Bloyer on the intercom and told her that he was feeling suicidal, but she "screamed" at Grajek and turned off the intercom. Dkt. 1.

Grajek's grievance discusses only the portion of the incident involving Bloyer. He wrote that "Unit Sergeant Bloyer" refused to let him call a family member who was in the hospital. Bloyer "screamed" at Grajek over the intercom and then turned it off. She refused to answer the intercom for another 30 minutes and he started feeling suicidal. Under the heading "Action Requested," Grajek wrote, "I want an apology from Sgt. Bloyer." Dkt. 14-2.

Grajek is correct that § 1997e(a) doesn't require a prisoner to identify a defendant by name in his grievance. *Jones*, 549 U.S. at 219 ("[E]xhaustion is not per se inadequate simply because an individual later sued was not named in the grievances."). But, as noted above, a grievance does have to contain "sufficient information for the department to investigate and decide the complaint." Wis. Admin Code § DOC 310.07(6).

Grajek didn't identify any problem in his grievance other than the problem he had with Bloyer. By Grajek's own assertion in his federal complaint, his interaction with Landt was separate from his interaction with Bloyer and occurred earlier. Regardless whether Grajek knew

3

Landt's name, Grajek needed to notify prison staff that the problem went beyond Bloyer. *Roberts v. Neal*, 745 F.3d 232, 235 36 (7th Cir. 2014) (grievance had "a fatal defect" because it failed "to indicate that [the defendant] was the target"; the grievance "neither mentioned [the defendant] by name nor provided information that should have identified him to the grievance officer"). Without some mention of an interaction with a different officer, the grievance examiner would have no way of knowing that he or she should be investigating anyone's conduct other than Bloyer's.

In sum, Grajek did not give the grievance examiner sufficient information to investigate his claim against Landt, so he failed to exhaust his administrative remedies as to that claim. I will dismiss that claim without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

ORDER

IT IS ORDERED that defendants' motion for partial summary judgment, Dkt. 13, is GRANTED. Plaintiff Kelly Grajek's claim against defendant Trent Landt is DISMISSED for Grajek's failure to exhaust his administrative remedies.

Entered July 25, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge