IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KELLY GRAJEK,

                Plaintiff,

  v.

HEIDI BLOYER,

                Defendant.

OPINION and ORDER

17-cv-705-jdp

---

Pro se prisoner Kelly Grajek is proceeding on a claim that defendant Heidi Bloyer disregarded a substantial risk that Grajek would seriously harm himself, in violation of the Eighth Amendment. Both sides have moved for summary judgment. Dkt. 20 and Dkt. 25. Because there are genuine issues of material fact as to multiple elements of Grajek's claim, the court will deny both motions.

Grajek's claim is governed by the Eighth Amendment. To prevail on the claim, Grajek must show three things: (1) there was a strong likelihood that he would seriously harm himself in the near future; (2) defendants knew of that strong likelihood; and (3) defendants consciously failed to take reasonable measures to prevent him from harming himself. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650 (7th Cir. 2012).

There is no dispute that Grajek told Bloyer that he was going to harm himself, though the parties have different versions of exactly what Grajek said and the context in which he said it. According to Grajek, he used the intercom in his cell to contact Bloyer, who was the officer assigned to the sergeant station at the time. He told Bloyer that he was "feeling suicidal" because he had been unable to talk to a family member on the telephone earlier. Dkt. 1, ¶ 16.[1]

---

[1] Grajek's complaint is sworn under penalty of perjury, so it is admissible evidence on a motion

According to Bloyer, Grajek used the intercom multiple times to "demand" that he be allowed to use the telephone. Dkt. 23, ¶¶ 7–8. The third time, Grajek "demand[ed]" to be seen by psychological staff. *Id.*, ¶ 9. When Bloyer asked Grajek whether he was going to harm himself, Grajek said "yes, I am going to harm myself." *Id.* Despite the differences between the parties' stories, there is no dispute that Grajek provided Bloyer notice of a strong likelihood that he was going to harm himself.

But there are genuine disputes of material fact as to the other elements of Grajek's claim. As for whether Bloyer responded reasonably, Grajek says that she "screamed" at him, turned off the intercom and refused to speak to Grajek for a half hour while he continued pressing the medical alert button. Dkt. 1, ¶ 30. But Bloyer says that, immediately after Grajek threatened to harm himself, she directed the officer stationed nearest Grajek to check on him and she contacted a lieutenant about the situation. Dkt. 23, ¶ 10. As for whether there was a strong likelihood that Grajek would be seriously harmed, Grajek says that he "felt despondent and suicidal," so he "cut[] multiple veins in his leg in an attempt to bleed out." Dkt. 1, ¶ 18. But prison medical records state that that Grajek had only "superficial scratches" on his knee. Dkt. 24-1.

If the jury were to accept to Grajek's version of events, it could render a verdict in his favor. But if the jury were to believe Bloyer's side of the story, it could find in her favor. I cannot resolve disputes about credibility on a motion for summary judgment. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014).

---

for summary judgment. *See Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013).

Bloyer also raises a qualified immunity defense, which applies when the law was not clearly established at the relevant time that the defendants violated the plaintiff's rights. *Carroll v. Carman*, 135 S.Ct. 348, 350 (2014). But if the jury accepts Grajek's version of events that he made a serious attempt to commit suicide, Bloyer would not be entitled to qualified immunity. *See Estate of Clark v. Walker,* 865 F.3d 544, 551–52 (7th Cir. 2017) ("[The prisoner's] right to be free from deliberate indifference to his risk of suicide while he was in custody was clearly established at the time of his death in 2012.").

A reasonable jury could find in favor of either party, so neither is entitled to judgment as a matter of law. I will deny both parties' motions for summary judgment.

ORDER

IT IS ORDERED that the motions for summary judgment filed by defendant Heidi Bloyer, Dkt. 20, and plaintiff Kelly Grajek, Dkt. 25, are DENIED.

Entered April 8, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge